Filed 9/15/15  P. v. Mendoza CA2/6
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE MENDOZA,<br><br>    Defendant and Appellant. | 2d Crim. No. B263145<br>(Super. Ct. No. 2012038720)<br>(Ventura County) |

Jose Mendoza appeals the judgment entered after he pled guilty to  attempted robbery (Pen. Code, §§ 664/211)[1] and conspiracy to commit residential robbery in concert with others (§§ 182, subd. (a)(1)/211), and admitted a gang enhancement (§ 186.22, subd. (b)(1)) and a prior term enhancement (§ 667.5, subd. (b)).  The change of plea was entered after the trial court denied appellant's motion to suppress statements made to the police (*Miranda v. Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694]; *Massiah v. United States* (1964) 377 U.S. 201 [12 L.Ed.2d 246]) and denied multiple *Marsden* motions (*People v. Marsden* (1970) 2 Cal.3d 118).  After appellant retained new counsel, he entered into a negotiated plea for a 12 year prison sentence and was ordered to pay various fines and fees.

We appointed counsel to represent appellant in this appeal.  After examining the record, counsel filed an opening brief raising no issues.  On August 6, 2015, we advised appellant that he had 30 days to personally submit any contentions he wished us to consider.

---

[1] All further statutory references are to the Penal Code.

On August 24, 2015, appellant submitted a letter brief stating, among other things, that the plea was involuntary, that he was denied effective assistance of trial counsel, and that the trial court erred in denying probation. These contentions are not supported by the record. (*Strickland v. Washington* (1984) 466 U.S. 668, 687 [80 L.Ed.2d 674, 693]; *People v. Bolin* (1998) 18 Cal.4th 297, 333.) Appellant has failed to establish a reasonable probability that, but for trial counsel's errors, appellant would not have pleaded guilty and would have obtained a more favorable result had he proceeded to trial. (See *e.g.*, *People v. Fairbank* (1997) 16 Cal.4th 1223, 1241-1242.)

The record further reflects that the change of plea was freely, knowingly, and intelligently made. The grand jury transcript, police reports, and probation report indicate that appellant and three other gang members planned to rob the Medicine Shoppe Pharmacy in Simi Valley and were detained outside the pharmacy. A few days after being released from custody on electronic monitoring, appellant conspired with a confidential informant and gang members to commit a home invasion robbery. The probation report reflects that appellant was on Post Release Community Supervision when he committed the offenses and received six major jail disciplinary write-ups before sentencing.

We have reviewed the entire record and are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *People v. Wende* (1979) 25 Cal.3d 436, 443.)

The judgment is affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:


GILBERT, P. J.


PERREN, J.

2

Patricia Murphy, Judge

Superior Court County of Ventura

_____

California Appellate Project, under appointment by the Court of Appeal, Richard B. Lennon, Executive Director and Richard B. Lennon, Staff Attorney, for Appellant.

No appearance for Respondent.